### SOUTHERLAND *v.* NORTHERN PAC. R. Co.

(*Circuit Court, D. Minnesota.* October 13, 1890.)

**MASTER AND SERVANT—NEGLIGENCE.**

In an action against a railroad company for personal injuries, the evidence showed that plaintiff was employed by defendant to make up trains in its yard; that, while coupling cars in the yard at night, his foot caught in a pile of ashes left on the track, causing him to fall and be run over; and that it was the duty of the section foreman to keep the track clear. There was evidence that ashes were not usually dumped in the yard. *Held*, that the evidence justified a verdict for plaintiff.

At Law. On motion for new trial.

*McDonald & Barnard*, for plaintiff.

*John C. Bullitt, Jr.*, for defendant.

NELSON, J. This suit is brought to recover damages for injuries received by the plaintiff while working for the defendant as a switchman on a track called the "house track," in the yard at Missoula, Mont. He had charge of the yard crew on the night when injured in making up trains and taking out empty cars. In coupling cars, he caught his foot in a pile of ashes on the track between the rails, which threw him down, and the trucks of one of the cars ran over him. The pile of ashes was about four feet long, and six or seven inches high, between the rails, and showed the appearance of having been pushed down by the brake-beams or sand-boards of cars running over it. The duty of the section foreman was to keep this track clear, and remove ashes if dropped upon it. It was submitted to the jury to determine from the evidence whether the heap of ashes was of an immense size so as to form an obstruction and interfere with the plaintiff in the discharge of his duty. The evidence was conflicting about the custom of dumping ashes in the yard, but there was evidence tending to show that, at the time plaintiff worked in this yard, and previous thereto, ashes were usually dumped at or near a coal-shed, and not in the yard. The gist of the action is that the defendant was negligent in permitting its road-bed, which the plaintiff was compelled to go upon in the discharge of his duty, to become obstructed, and thus increasing, unnecessarily, the danger incident to his employment. It is urged by defendant that the injury was occasioned either by the plaintiff's own negligence or by the negligence of a fellow-servant in the same common employment, viz., the negligence of the fireman in dumping ashes on the track, or the negligence of some person whose duty it was to keep the track clear of obstruction. It cannot be assumed from the evidence that the situation which caused the plaintiff to catch his foot was apparent and obvious, and the question of plaintiff's knowledge of the condition of the track at the place of injury by the exercise of ordinary care was properly submitted to the jury. The court would not have been justified in holding that the defendant was not liable for the negligence of the person upon whom the duty was imposed of clearing the tracks in the yard, if such negligence caused the injury; nor could this court properly say to the jury that the custom of dumping ashes on the track was known to the plaintiff, and, if it was an unsafe and careless custom, it was a risk assumed by him. The case of *Filbert* v. *Canal Co.*, 23 N. E. Rep. 1104, (N. Y. Ct App.,) relied upon by defendant's counsel, was decided on the authority of many New York cases, which the learned judge who wrote the opinion states "are ample authority for the opinion reached." I agree with the text-writers on Negligence, Shearman & Redfield, (see note to section 234,) that in some, if not all, of the cited cases, the rule seems to have been erroneously applied to work of superintendence. Motion for new trial denied.